Alma Beatriz **MAZARIEGOS ZACARIAS**, Petitioner,

v.

Alberto R. **GONZALES**, Attorney General, Respondent.

No. 04–70530.

Agency No. A72–526–065.

United States Court of Appeals, Ninth Circuit.

Submitted April 5, 2006.*

Decided April 12, 2006.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Stephen Shaiken, Law Offices of Stephen Shaiken, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Mark L. Gross, Conor Dugan, U.S. Department of Justice Civil Rights Division/Appellate Section, Washington, DC, for Respondent.

Before HAWKINS, McKEOWN, and PAEZ, Circuit Judges.

MEMORANDUM**

Alma Beatriz Mazariegos Zacarias, a native and citizen of Guatemala, petitions for review of an order of the Board of Immigration Appeals affirming, without opinion, an immigration judge's ("IJ") decision denying her application for asylum. We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for substantial evidence, *Lim v. INS*, 224 F.3d 929, 933 (9th Cir.2000), we deny the petition for review.

Substantial evidence supports the IJ's determination that Mazariegos Zacarias did not establish past persecution or a well-founded fear of future persecution because, as the IJ noted, Mazariegos Zacarias remained in Guatemala unharmed for several years after she and her mother were threatened by guerrillas. *See id.* at 936 (holding that "[t]hreats standing alone ... constitute past persecution in only a small category of cases, and only when the threats are so menacing as to cause significant actual 'suffering or harm'") (citation omitted); *Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir.2000) (concluding that petitioner did not establish past persecution or a well-founded fear of future persecution where she remained in Fiji for approximately two years after isolated incident of harm). Moreover, as the IJ further noted, the Guatemalan guerrillas signed a peace accord in 1996 and the State Department country conditions report in the record contains little mention of guerrillas, much less of on-going violence by guerrillas. *See Molina–Estrada v. INS*, 293 F.3d 1089, 1095–96 (9th Cir.2002) (holding that where petitioner has not established past persecution, the IJ is entitled to rely on State Department country reports in determining whether petitioner's fear of future persecution is reasonable). Accordingly, Mazariegos Zacarias has failed to establish eligibility for asylum.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.